IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

50 NORTH AVIATION, INC., AND TRG, LP,

      Plaintiffs,

      v.

CESSNA AIRCRAFT COMPANY,

      Defendant.

Case No. 15-CV-9141-JAR-GLR

## MEMORANDUM AND ORDER

The Court has for consideration the Motion for Extension of Time for Service of Process (ECF 7).  Invoking Fed. R. Civ. P. 4(m), Plaintiffs ask "that the time for service in the above-captioned case be indefinitely extended pursuant to the attached Tolling Agreement or, in the alternative, be extended to a date no earlier than October 3, 2016, to correspond to the date permitted in the Iowa litigation."  (ECF 15 at 3.)   As the motion suggests, Plaintiffs have not yet served Defendant with process.  And Defendant has not otherwise entered an appearance. Consequently, the motion has no opposition.  To support it, Plaintiffs assert that, "Settlement discussions are continuing and include discussions that may lead to voluntary mediation." For the following reasons the Court denies the motion for an indefinite extension.  It grants in part and denies in part the alternative motion for a more limited extension.

Plaintiffs filed their complaint on June 25, 2015.  It asserts a claim for compensatory damages to an airplane that Defendant allegedly manufactured and sold to them.  They seek damages for its alleged malfunction.  Their complaint proceeds upon theories of strict liability, negligence, failure to warn, breaches of express and implied warranties, and negligent misrepresentation.

On January 6, 2016, the Court in this case entered an order, granting a motion by Plaintiff to extend through April 6, 2016, the time within which to serve Defendant with process.  That motion and the order granting it rested upon the same grounds as the instant one.  Both motions refer to a companion case that Plaintiffs have filed in Iowa state court against the manufacturer of a component part of the airplane.  The Court in that case has granted a similar motion to extend to October 3, 2016, the time for serving process upon the defendant there named.

Prior to December 1, 2015, Fed. R. Civ. P. 4(m) provided that, "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  By amendment that became effective on December 1, the time limit for service upon a defendant was reduced from 120 days to 90 days.  The rule further provides, nevertheless, "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  The rule otherwise addresses the discretion of the court to apply the principle of good cause to determine the extension.  Gensler, Federal Rules of Civil Procedure at 51, 52.

Given its filing date of June 25, 2015, this case is now more than nine months old.  The present motion and a similar one that led to the prior extension for service describe the respective locations of the parties and principals to include Great Britain and the states of Delaware, Iowa, and New York, as well as Kansas.  The motions suggest that, "Due to the number of parties, and the complexity in the negotiations among the parties and their and their various representatives and insurers, settlement has not yet been reached."  (ECF 7 at 2)

The Court can readily understand that settlement negotiations take time and the more so with multiple parties, located miles apart in various states and nations.  But the suggestion of

2

geographical distance carries minimal weight, given the advance of instant mass communication and global travel.  To plead remoteness and distances as an excuse for not moving this case forward, whether by settlement or otherwise, hardly carries the punch of earlier days.  In the instant motion, as in the earlier one, Plaintiff refers to the desire of the parties to negotiate and settle.  But the Court finds nothing to suggest that any of them have yet done anything of consequence to reach any settlement, only that they "desire to continue settlement negotiations among all parties without having to incur expenses and case processing requirements. . . ."  *Id.* Consistent with Fed. R. Civ. P. 1, the Court concurs in that desire.  But the parties and their related negotiators have had ample time both to negotiate and complete a settlement of this case, involving a single transaction and alleged failure of one airplane.

For the foregoing reasons the Court denies the Motion for Extension of Time of Service of Process (ECF 7).  It does find that Plaintiff should be accorded a further extension of time within which to serve process upon the Defendant.  It finds that an appropriate period for an additional extension is sixty (60) days from the date of this order.

**IT IS SO ORDERED**.

Dated this 7th day of April, 2016 in Kansas City, Kansas.

*s/Gerald L. Rushfelt*
Gerald L. Rushfelt
U. S. Magistrate Judge
